UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTY J. DOWNING,

    Plaintiff,

v.

Civil Case No. 16-12994
Honorable Linda V. Parker

MICHELLE LEE, Director, U.S.
PATENT & TRADEMARK OFFICE

    Defendant.
_____/

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [ECF NO. 15]; (2) GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE [ECF. NO. 15]; AND (3) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELMINARY INJUNCTION [ECF NO. 7]**

    I.    INTRODUCTION

Before the Court is Plaintiff's Motion & Brief in Support of Preliminary Injunction (ECF No. 7) and Defendant's Motion to Dismiss, or in the alternative, Motion to Transfer Venue (ECF No. 15). The motions have been fully briefed. Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f) on this date. For the reasons that follow, the Court is granting in part and denying in part Defendant's Motion to Dismiss (ECF No. 15); granting

1

Defendant's Motion to Transfer Venue (ECF No. 15); and denying without prejudice Plaintiff's motion for preliminary injunction (ECF No. 7).

## II. FACTUAL BACKGROUND

This case involves alleged gender discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. (ECF No. 1, ¶ 2.) Plaintiff Kristy J. Downing ("Plaintiff") alleges that Defendant United States Patent and Trademark Office ("Defendant") engaged in gender discrimination while Plaintiff was seeking employment with Defendant. Plaintiff alleges gender discrimination and retaliation occurred starting in February 2015 during the application process for five positions: patent examiner positions CP-2015-0050, CP-2015-0014, and CP-2016-0028; and administrative patent law judge positions PTAB-2014-0054 and PTAB-2014-0055. (*Id.*, ¶¶ 11, 19, 23, 25.)

### A. Patent Examiner Position CP-2015-0050

Plaintiff first applied for patent examiner position CP-2015-0050 at Defendant's Detroit, Michigan office on February 26, 2015. (*Id.*, ¶¶ 10, 11.) Although Plaintiff's name was included on a list of the best qualified candidates, she was notified that she was not selected for the position on May 8, 2015. (*Id.*, ¶¶ 12, 13.)

On June 12, 2015, Plaintiff filed a Complaint of Discrimination alleging gender discrimination in the hiring process for patent examiner position CP-2015-

0050. (*Id.*, ¶ 36.) Plaintiff alleges that "substantially less qualified male applicants" were hired instead. (*Id.*, ¶¶ 13-16.) On August 12, 2016, Defendant issued a "Final Agency Decision" closing the case with a finding of no discrimination in the processing of Plaintiff's application for position CP-2015-0050. (*Id.* at Pg ID 31-32, 36.)

### B. Patent Examiner Position CP-2015-0014

Plaintiff also applied for patent examiner position CP-2015-0014 on February 26, 2015. (*Id.*, ¶ 19.) This position was located in Defendant's Alexandria, Virginia office. (*Id.*, ¶ 18.) Defendant issued more than one list of best qualified candidates based on when applicants applied. (*See* ECF No. 12 at Pg ID 405.) The first list of best qualified candidates included applicants who applied before January 14, 2015. (*Id.*) Because Plaintiff applied for the position in February, she was included on the second list of best qualified candidates. (*Id.*; ECF No. 1, ¶ 19.)

On May 20, 2015, Plaintiff was notified that she was not selected for position CP-2015-0014. (ECF No. 7-5 at Pg ID 103.) On June 12, 2015, Plaintiff filed a Complaint of Discrimination alleging gender discrimination in the hiring process for patent examiner position CP-2015-0014. (ECF No. 1, ¶ 36.) Plaintiff alleges "substantially less qualified male applicants" were hired for the position. (*Id.*, ¶ 21.) On August 12, 2016, Defendant issued a "Final Agency Decision"

3

closing the case with a finding of no discrimination in the processing of Plaintiff's application for position CP-2015-0014. (*Id.* at Pg ID 36.)

### C. Patent Examiner Position CP-2016-0028

Plaintiff submitted an application for patent examiner position CP-2016-0028 based in Detroit, Michigan. (ECF No. 12 at Pg ID 407.) On June 30, 2016, Plaintiff received a conditional offer of employment with Defendant for patent examiner position CP-2016-0028. (ECF No. 1, ¶ 23; ECF No. 7-17 at Pg ID 274.) In the tentative offer letter, Defendant stated:

> **This offer is contingent upon our successful review of the Declaration of Federal Employment, OF-306, Questionnaire for Public Trust positions, SF-85P, and <u>ALL</u> official transcripts with proof of <u>CONFERRED</u> degree(s).** This offer is contingent on a suitability determination.

*Id.* Defendant reiterated that the offer was contingent upon successful review in a letter dated July 12, 2016. (ECF No. 7-18 at Pg ID 278-79.)

On July 19, 2016, Defendant sent Plaintiff a letter rescinding the job offer. (ECF No. 7-21 at Pg ID 291.) Plaintiff alleges Defendant "unlawfully terminated this offer for employment in retaliation for Plaintiff's charges of discrimination in the non-hire of examiner positions CP-2015-0050 & CP-2015-0014." (ECF No. 1, ¶ 23.) On July 29, 2016, Plaintiff filed an administrative EEO complaint alleging that she was discriminated on the

basis of gender and race when her offer for patent examiner position CP-2016-0028 was rescinded. (ECF No. 9-4 at Pg ID 323.)

### D.  Administrative Patent Law Judge Positions PTAB-2014-0054 and PTAB-2014-0055

In addition to patent examiner positions, Plaintiff also applied for administrative patent law judge positions with Defendant. In September 2014, Plaintiff submitted an application for two administrative patent law judge positions, positions PTAB-2014-0054 and PTAB-2014-0055. (ECF No. 1, ¶ 25.) Plaintiff was placed on a list of best qualified candidates by Defendant and her application was forwarded for further review. (ECF No. 12 at Pg ID 407.) Plaintiff's application was eliminated from consideration after receiving a "no" vote from the former Chief Administrative Patent Judge during the screening of her materials. (ECF No. 7-5 at Pg ID 110.) Plaintiff was notified that she was not selected for both positions on May 29, 2015 and July 2, 2015. (ECF No. 12 at Pg ID 407.) Plaintiff alleges less qualified male applications were selected for both positions. (ECF No. 1, ¶¶ 27-30.)

Plaintiff filed two administrative complaints alleging that Defendant engaged in gender discrimination during the selection process for positions PTAB-2014-0055 and PTAB-2014-0054. (*Id.*, ¶¶ 36, 37.) On August 12, 2016, Defendant issued a "Final Agency Decision" closing the case with a finding of no

discrimination in the processing of Plaintiff's application for position PTAB-2014-0055 and PTAB-2014-0054. (*Id.* at Pg ID 34, 36.)

### III. Procedural Background

On August 17, 2016, Plaintiff, Kristy J. Downing, filed a complaint alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. ("Title VII"). (ECF No. 1, ¶ 2.) On August 26, 2016, Plaintiff filed a motion for preliminary injunction, requesting that the Court enjoin Defendant from (1) rescinding the job offer extended to her for patent examiner position CP-2016-0028; (2) failing to disclose all candidate selections/hires; (3) discriminating against Plaintiff based on "any protected class category in pending or future job applications"; and (4) retaliating against Plaintiff. (ECF No. 7, Pg ID 76.) Plaintiff also requested that the Court order Defendant to "extend an offer of employment…for patent examiner positions CP-2015-0014 & CP-2015-0050." (*Id.*, Pg ID 77.) Plaintiff filed a supplemental brief on September 13, 2016. (ECF No. 9.) Plaintiff filed a second supplemental brief on November 18, 2016. (ECF No. 18.)

Defendant filed a response to Plaintiff's motion for preliminary injunction on October 7, 2016. (ECF No. 12.) Defendant subsequently filed a motion to dismiss or in the alternative, motion to transfer venue on October 21, 2016. (ECF No. 15.) In the motion to dismiss, Defendant argues the claims related to patent

6

examiner position CP-2016-0028 should be dismissed because Plaintiff failed to satisfy the Title VII preconditions for bringing this claim in federal court. (ECF No. 15.) Defendant alleges Plaintiff failed to wait the 180-day waiting period set forth in 42 U.S.C. § 2000e-16(c) before filing the complaint related to patent examiner position CP-2016-0028. (*Id.* at Pg ID 456.)

Defendant also requests that the Court dismiss or in the alternative, transfer venue of this action to the United States District Court for the Eastern District of Virginia pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) for all claims related to patent examiner positions CP-2015-0014 and PTAB-2014-0054 for improper venue. (*Id.* at Pg ID 448.) Defendant further requests that the Court transfer the entire action to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties, witnesses, and in the interest of justice. (*Id.*) Defendant first notes that this case could have been filed in the Eastern District of Virginia because Plaintiff would have worked in that district if she had been selected for positions CP-2016-0028 or PTAB-2014-0054.[1] (*Id.* at Pg ID 461.) Second, Defendant states that Plaintiff's hiring records and most of the witnesses

---

[1] Defendant incorrectly states Plaintiff would have worked within the Eastern District of Virginia if hired for CP-2016-0028; rather, Plaintiff would have worked in Detroit. (*See* ECF No. 12 at Pg ID 407.) However, Plaintiff would have worked outside of the jurisdiction of this court – and possibly in Alexandria, Virginia, if hired for PTAB-2014-0054. (ECF No. 15 at Pg ID 459.)

are located in Alexandria, Virginia. (*Id.* at 462.) Defendant provided a list of 18 witnesses involved in the hiring process located within the Eastern District of Virginia. (*Id.*)

Plaintiff responded to Defendant's brief stating that venue is appropriate because the Eastern District of Michigan is "where unlawful discrimination occurred and Plaintiff would have been working [within this district] but-for the unlawful retaliation and discrimination." (ECF No. 16 at Pg ID 489-90.) Plaintiff also argues that most of the witnesses Defendant plans to call are either irrelevant to the case or would provide redundant testimony. (*Id.* at Pg ID 494.)

Plaintiff also notes that she is appearing *pro se* and of low financial means. (*Id.* at Pg ID 496.) Transfer of venue would be a financial burden for Plaintiff, while Defendant has greater resources. (*Id.*)

## IV.   LEGAL STANDARDS

### A.   Motion to Dismiss Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a pro se complaint.

9

*Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even so, pro se plaintiffs must still provide more than bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing S*cheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### B. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

#### 1. Preconditions

A party who brings a claim under Title VII is required to comply with the time limitations for initiating a civil action. 42 U.S.C. § 2000e-16(c) governs when an employee or applicant for employment can bring an action:

> Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, **or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment**, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

42 U.S.C. § 2000e-16(c)(emphasis added).

#### 2. Venue

Under Title VII, an action may be brought in one of four judicial districts pursuant to the statute's exclusive venue provision, which provides that:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). A suit brought in a jurisdiction that does not satisfy the above venue requirements is improper. *See Downing v. Foley*, No. 09-14351, 2010 WL 1494767 at *3 (quoting *Spencer v. Rumsfeld*, 209 F. Supp. 2d 15, 17 (D.D.C. 2002)). A suit brought before the improper venue can either be dismissed or transferred "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### C.  28 U.S.C. § 1404(a)

A court may transfer an action under 28 U.S.C. § 1404(a) if "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties." *Kepler v. ITT Sheraton Corp.*, 860 F.Supp. 393, 398 (E.D. Mich.1994) (internal citation omitted). In determining whether transfer is proper, courts consider the following factors:

11

> (1) the convenience of the witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*IFL Group v. World Wide Flight Servs.*, 306 F.Supp.2d 709, 712 (E.D. Mich. 2004) (citing *Overland, Inc. v. Taylor*, 79 F.Supp.2d 809, 811 (E.D. Mich. 2000)).

Defendant bears the burden of showing that transfer of venue is appropriate. *Id.* at 714. Plaintiff's choice of forum deserves "foremost consideration" and should not be disturbed unless the balance of factors strongly favors Defendant. *West Amer. Insurance Co. v. Potts*, No. 89–6091, 1990 WL 104034 at *2 (6th Cir. July 25, 1990) (unpublished) (citing *Nicol v. Koscinski*, 188 F.2d 537 (6th Cir.1951)). The convenience of the witnesses is "one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)." *Downing*, No. 09-14351, 2010 WL 1494767 at *5 (internal citation omitted).

## V. ANALYSIS

### A. Dismissal of CP-2016-0028

Defendant argues that Plaintiff's claim related to patent examiner position CP-2016-0028 should be dismissed pursuant to Rule 12(b)(6) because Plaintiff failed to satisfy the Title VII preconditions for bringing this claim in federal court

by failing to adhere to the 180-day waiting period set forth in 42 U.S.C. § 2000e-16(c) before filing the complaint. (ECF No. 15 at Pg ID 456.) The Court agrees.

Title VII provides that a civil action by an applicant can be brought "[w]ithin 90 days of receipt of notice of final action" or "after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission…." 42 U.S.C. § 2000e-16(c). Plaintiff could have filed this action either (1) 90 days after receipt of notice of final action by the Equal Employment Opportunity Commission ("EEOC") or (2) after 180 days of filing a complaint with the EEOC. *Id.* Plaintiff has not received receipt of notice of final action by the EEOC because her case is still pending. (ECF No. 15 at Pg ID 456.) Therefore, Plaintiff's claim must have been filed 180 days after filing a complaint with the EEOC.

Plaintiff filed her administrative complaint alleging discrimination related to patent examiner position CP-2016-0028 on July 29, 2016. (ECF No. 9-4 at Pg ID 325.) Plaintiff then filed the complaint in this action on August 17, 2016—19 days from when she filed the administrative complaint.

In response, Plaintiff states that the statute requires a party to file an action 180 days after the "initial charge" against an agency. In this case, Plaintiff argues her "initial charge" against Defendant was filed on June 12, 2015, related to Defendant's decision to not hire Plaintiff for patent examiner positions CP-2015-

0014 and CP-2015-0050—432 days prior to the filing of this action. However, Plaintiff provides no support for the assertion that "initial charge" relates back to a charge filed a year prior. Further, the EEOC completed its investigation of alleged discrimination in the selection process for patent examiner positions CP-2015-0014 and CP-2015-0050 on August 12, 2016. (ECF No. 1 at Pg ID 36.)

Plaintiff is unable to bring a successful claim without satisfying the conditions for Title VII. *See, e.g.*, *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003) (dismissing action pursuant to Rule 12(b)(6) where party failed to adhere to administrative process in action before EEOC). Plaintiff prematurely filed this action, and therefore the Court dismisses her Title VII claim related to patent examiner position CP-2016-0028 pursuant to Rule 12(b)(6).

### B. CP-2015-0014 and PTAB-2014-0054

Defendant argues that the Court should dismiss Plaintiff's claim related to patent examiner position CP-2015-0014 and administrative patent law judge position PTAB-2014-0054 for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)").

Title VII has a provision that deals exclusively with venue. The exclusive venue provision provides that venue is proper in a district where: (1) unlawful employment practices are alleged to have been committed; (2) employment records are maintained and administered; (3) Plaintiff would have worked; or (4)

14

Defendant's principal place of business is located.[2]  42 U.S.C. § 2000e-5(f)(3).

Here, Defendant argues that the alleged unlawful employment practices of discriminating against Plaintiff during the selection process occurred in Alexandria, Virginia, where the USPTO headquarters is located.  (ECF No. 15 at Pg ID 458.)  The records related to Plaintiff's "job applications, interviews, and non-selection are also located in Alexandria, Virginia."  (*Id.* at Pg ID 458-59.)  Plaintiff would not have worked within the Eastern District of Michigan if hired for either CP-2015-0014 or PTAB-2014-0054.  (*Id.* at Pg ID 459.)  Plaintiff would have worked in Alexandria, Virginia if hired for CP-2015-0014 and may have been placed in Alexandria if hired for PTAB-2014-0054.[3]  (*Id.*)

Under Title VII's exclusive venue provision, venue of this action is proper in the Eastern District of Virginia.  Defendant argues that Plaintiff, as an attorney, should have known that venue was improper in the Eastern District of Michigan and therefore the claims related to CP-2015-0014 and PTAB-2014-0054 should be dismissed.  (*Id.* at Pg ID 459.)

"The decision of whether to dismiss or transfer [a case] is within the district court's sound discretion."  *Flynn v. Greg Anthony Construction Co., Inc.*, 95

---

[2] Venue is proper where the Defendant's principal place of business is located only if Defendant is not found within the other possible venues under the exclusive venue provision.  42 U.S.C. § 2000e-5(f)(3).
[3] Plaintiff also could have been placed in Menlo Park, California; Denver, Colorado; or Dallas, Texas for PTAB-2014-0054.  (*Id.*)

Fed.Appx. 726, 738 (6th Cir. 2003) (internal citation omitted). In the interests of justice, the Court will not dismiss Plaintiff's claims related to CP-2015-0014 and PTAB-2014-0054. Therefore, the claims raised by Plaintiff related to CP-2015-0014 and PTAB-2014-0054 are transferred to the Eastern District of Virginia.

### C. Transfer Pursuant to 28 U.S.C. § 1404(a)

Defendant requests that this Court transfer this action in its entirety to the Eastern District of Virginia for the convenience of the parties and witnesses and in the interest of justice, pursuant to 28 U.S.C. § 1404(a). (ECF No. 15 at Pg ID 448.) The Court will now evaluate whether to transfer the remaining positions before this Court: CP-2015-0050 and PTAB-2014-0055.[4]

A case may be transferred if "(1) the action could have been brought in the proposed transferee-court, (2) the transfer will promote the interests of justice, and (3) the transfer would serve the parties' and the witnesses' convenience." *Downing*, No. 09-14351, 2010 WL 1494767 at *5. Under the exclusive venue provision of Title VII, this action could have been brought in the Eastern District of Virginia for positions CP-2015-0050 and PTAB-2014-0055 because Plaintiff's hiring records and most of the witnesses to the hiring process are located in Alexandria, Virginia. (ECF No. 15 at Pg ID 461.)

---

[4] CP-2016-0028 is not properly before this Court because of the premature filing of this claim. *See* discussion *supra* Part V.A. The Eastern District of Virginia was deemed the proper venue for positions CP-2015-0014 and PTAB-2014-0054. *See* discussion *supra* Part V.B.

16

In determining whether transfer will promote the interests of justice, courts in this district have turned to the following nine factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*IFL Group v. World Wide Flight Servs.*, 306 F.Supp.2d 709, 712 (E.D. Mich. 2004).

There are some factors that weigh in favor of denying Defendant's motion to transfer venue. When considering the relative means of the parties, Plaintiff argues that she is representing herself *pro se* and transfer of this matter to the Eastern District of Virginia will be a financial burden. (ECF No. 16 at Pg ID 496.) In contrast, Plaintiff argues Defendant is "of relatively high financial means" and would not suffer a similar burden. (*Id.*) Further, the Court must consider the weight of the plaintiff's choice of forum. Both factors weigh in favor of denying Defendant's motion to transfer venue.

However, the interests of justice favor transferring this action to the Eastern District of Virginia. First, the convenience of the witnesses favors transfer. Defendants intend to call 18 witnesses who are located in Alexandria, Virginia.

(ECF No. 15 at Pg ID 462.) In contrast, Plaintiff intends to call six witnesses from Michigan, including herself. (ECF No. 16 at Pg ID 493-94.)

Second, an examination of another factor, the availability of process to compel attendance of witnesses, also weighs in favor of transfer. The majority of the witnesses listed by Defendant reside outside of this Court's jurisdiction. (ECF No. 15 at Pg ID 462.) This Court would have to rely on the subpoena powers of the Eastern District of Virginia for every witness that would need to be subpoenaed.

Third, Defendant stated that the location of the documents relevant to Plaintiff's "job applications, interviews, and non-selection are also located in Alexandria, Virginia." (ECF No. 15 at Pg ID 458-59; *see also id.* at Pg ID 462.) Further, Defendant made all of its hiring decisions regarding Plaintiff in Alexandria, Virginia. (ECF No. 15 at Pg ID 462.)

After weighing the factors, the Court finds that transfer of this case is proper for the interests of justice.[5] The convenience of the witnesses, the location of documents, and the availability of process to compel attendance of witnesses all favor the transfer of this case.

## VI. CONCLUSION

---

[5] Plaintiff has moved for a preliminary injunction but because the Court is transferring the case, it will allow the Eastern District of Virginia to decide the motion.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 15) is **GRANTED IN PART** as to patent examiner position CP-2016-0028 and **DENIED IN PART** as to the remaining patent examiner and administrative patent law judge positions;

**IT IS FURTHER ORDERED** that Defendant's motion to transfer venue (ECF No. 15) to the Eastern District of Virginia is **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary injunction (ECF No. 7) is **DENIED WITHOUT PREJUDICE** to be re-filed before the Eastern District of Virginia.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 6, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 6, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
